1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA,

10   MARTIN VELEZ,

11            Petitioner,                    No. CIV-S-05-0786 GEB DAD P

12       vs.

13   ROSANNE CAMPBELL, et. al.,          ORDER AND

14            Respondent.                 FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a California prisoner proceeding with an application for writ of

17   habeas corpus under 28 U.S.C. § 2254.  On September 10, 2003, petitioner pled no contest to the

18   charge of possession of cocaine base for sale and admitted one prior serious felony conviction

19   and to having served one prior prison term.  The trial court sentenced him to an aggregate term of

20   seven years in state prison made up of a three year term, which was doubled to six years under

21   California's Three Strikes law, plus one year for the prior prison term enhancement.   (Answer at

22   2; Resp't's Lodged Doc. No. 3 at 1-2.)

23            In his pro se petition petitioner seeks habeas relief on the grounds that he received

24   ineffective assistance from his trial court counsel in connection with his pretrial motion to

25   suppress evidence.  Alternatively, if this ineffective assistance of trial court counsel claim is

26   rejected, petitioner requests an evidentiary hearing to determine whether his constitutional rights

1

1    to a trial and to effective assistance of trial and appellate counsel were violated.  Upon careful

2    consideration of the record and the applicable law, the undersigned will deny the request for an

3    evidentiary hearing and recommend that petitioner's application for habeas corpus relief be

4    denied as well.

5                    FACTUAL AND PROCEDURAL BACKGROUND[1]

6            On July 2, 2003 at approximately 6:00 p.m., Officer Shawn Johansen of the

7    Stockton Police Department conducted a traffic stop on petitioner's car because the left rear

8    brake lamp of the vehicle was crushed and not functioning.  (Reporters' Transcript on Appeal,

9    Resp't's Lodged Doc. No. 7 (hereinafter RT) at 3-5.)  During the stop, Officer Johansen asked

10   petitioner if he had any identification and petitioner responded that he did not.  (RT at 7.)

11   Johansen then escorted petitioner to his patrol car to establish his identity and requested to search

12   petitioner, to which petitioner acquiesced.  (Id.)  The officer found petitioner's identification card

13   in his back pocket and nothing more.  (Id. at 8, 21.)  Next, Officer Johansen placed petitioner in

14   the back of the patrol car without handcuffs.  (Id.)  After speaking briefly with other officers who

15   had arrived on the scene and being told by those officers, and seeing himself, that petitioner was

16   moving around in the backseat of the patrol car, Officer Johansen opened the door to investigate.

17   (Id. at 10-11, 22.)  As Johansen opened the patrol car door, petitioner kicked it open and while

18   continuing to kick exclaimed, "that's not mine."  (Id. at 11.)  Officer Johansen then discovered a

19   large, rock-like substance in a bag in the back of the patrol car.  (Id. at 12.)  The substance was

20   later determined to be cocaine.  (Id.)

21           Petitioner was charged with possession of cocaine base for sale and resisting,

22   delaying, or obstructing a public officer.  As to the narcotics charge, the information alleged that

23   petitioner had suffered two prior serious felony convictions, one prior drug conviction and had

24

25           [1] The facts are drawn from the testimony elicited at the evidentiary hearing conducted
     with respect to the motion to suppress evidence brought on behalf of petitioner by his trial
26   counsel.  See Resp't's Lodged Doc. No. 7 (RT) at 2-45.

1  served two prior prison terms.  (Resp't's Lodged Doc. 1 - Clerk's Transcript on Appeal

2  (hereinafter CT) at 46-49.)  On August 8, 2003, petitioner filed a motion to suppress evidence

3  seized as a result of the traffic stop.  (CT at 50-58.)  Defense counsel argued that petitioner's

4  detention was unduly prolonged and that there was no probable cause to arrest him therefore

5  requiring the suppression of the controlled substance discovered after petitioner was placed in the

6  patrol car.  (Id.)  Immediately following an evidentiary hearing, on September 8, 2003, the trial

7  court denied the motion to suppress evidence filed.  (RT 43-44.)  Two days later, petitioner pled

8  no contest to possession of cocaine base for sale and admitted one prior serious felony conviction

9  and to having served one prior prison term.  The remaining counts and enhancement allegations

10  were stricken.  (CT at 69-77; RT 58-68.)

11         On October 7, 2003, petitioner appealed his judgment of conviction by filing a

12  timely notice of appeal from the denial of his motion to suppress evidence.  (CT 78-82.)

13  Counsel was appointed on appeal and on March 12, 2004, filed an opening brief requesting that

14  the California Court of Appeal for the Third Appellate District review the entire record pursuant

15  to People v. Wende, 25 Cal. 3d 436 (1979).  (Resp't's Lodged Doc. 2 - Petitioner's Opening

16  Brief on Appeal.)  On July 7, 2004, the California Court of Appeal affirmed the judgment of

17  conviction after receiving no supplemental briefing from petitioner.  (Resp't's Lodged Doc. 3 at

18  2.)  On September 22, 2004, petitioner's petition for review was summarily denied by the

19  California Supreme Court.  (Resp't's Lodged Doc. 4.)

20         On May 19, 2004, petitioner filed a petition for writ of habeas corpus in the San

21  Joaquin County Superior Court alleging ineffective assistance of counsel.   That petition was

22  denied without prejudice because petitioner's direct appeal was still pending before the

23  California Court of Appeal.  (Resp't's Lodged Doc. 5.)  On June 1, 2004, petitioner filed a

24  petition for writ of habeas corpus in the California Supreme Court.  (Resp't's Lodged Doc. 6.)

25  That habeas petition was denied with citation to the decisions in In re Swain, 34 Cal. 2d 300

26  /////

1   (1949); People v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Lessard, 62 Cal. 2d 497, 503 (1965),

2   without further comment by the court.  (Resp't's Lodged Doc. 6.)

3                                                ANALYSIS

4   I.  Standards of Review Applicable to Habeas Corpus Claims

5                 A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

6   some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

7   861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

8   Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

9   interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

10  Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

11  corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

12  (1972).

13                This action is governed by the Antiterrorism and Effective Death Penalty Act of

14  1996 ("AEDPA").[2]  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

15  1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

16  habeas corpus relief:

17                        An application for a writ of habeas corpus on behalf of a
                    person in custody pursuant to the judgment of a State court shall
18                  not be granted with respect to any claim that was adjudicated on
                    the merits in State court proceedings unless the adjudication of the
19                  claim -

20                        (1) resulted in a decision that was contrary to, or involved
                    an unreasonable application of, clearly established Federal law, as
21                  determined by the Supreme Court of the United States; or

22                        (2) resulted in a decision that was based on an unreasonable
                    determination of the facts in light of the evidence presented in the
23                  State court proceeding.

24  /////

25  _____

        [2] Petitioner and respondent agree that AEDPA controls the disposition of the petition
26  pending before this court.  See Answer at 3; Traverse at 2.

                                                    4

1    See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362

2    (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

3            The court looks to the last reasoned state court decision as the basis for the state

4    court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state

5    court reaches a decision on the merits but provides no reasoning to support its conclusion, a

6    federal habeas court independently reviews the record to determine whether habeas corpus relief

7    is available under § 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado

8    v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  When it is clear that a state court has not reached

9    the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's

10   deferential standard does not apply and a federal habeas court must review the claim de novo.

11   Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th

12   Cir. 2002).

13   II.  Petitioner's Claims

14        1.  Ineffective Assistance of Counsel

15           Petitioner asserts that trial counsel rendered ineffective assistance by failing to

16   argue that: (a) the police lacked probable cause to stop his vehicle; (b) Officer Johansen

17   unlawfully placed petitioner in his patrol car; (c) petitioner's fingerprints were not found on the

18   bag of cocaine; and (d) Johansen had failed to check the patrol car for drugs before putting

19   petitioner in the back seat.  (Pet. at 4, 6-8.)   Petitioner also alleges in conclusory fashion that his

20   trial counsel was ineffective in failing to object to prejudicial statements by a Mrs. Elvira Lua

21   and by mistakenly stating that petitioner made a u-turn before being stopped by Officer Johansen.

22   (Id.)

23           All of these alleged errors by his counsel occurred prior to petitioner's entry of his

24   no contest plea.  Petitioner may not raise claims relating to the alleged deprivation of his

25   constitutional rights that occurred prior to his guilty plea. "When a criminal defendant has

26   solemnly admitted in open court that he is in fact guilty of the offense with which he is charged,

5

1   he may not thereafter raise independent claims relating to the deprivation of constitutional rights

2   that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267

3   (1973). See also Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (voluntary and

4   intelligent guilty plea precludes federal habeas relief based upon "independent claims" of pre-

5   plea constitutional violations); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992)

6   ("petitioner's nolo contendere plea precludes him from challenging alleged constitutional

7   violations that occurred prior to the entry of that plea"). Thus, petitioner waived these ineffective

8   assistance of counsel claims when he chose to enter his plea of no contest and admit the

9   enhancement allegations.

10          Assuming arguendo that petitioner is attacking the voluntary and intelligent

11   character of his guilty plea by alleging that he received inadequate advice from counsel, any such

12   claim should also be rejected. In order to demonstrate ineffective assistance of counsel in the

13   context of a challenge to a guilty plea, the petitioner must show that counsel's advice fell below

14   an objective standard of reasonableness as well as a reasonable probability that, but for counsel's

15   errors, he would not have pled guilty and would have insisted on going to trial. Strickland v.

16   Washington, 466 U.S. 668, 688 (1984); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

17          First, petitioner argues that trial counsel failed to argue that Officer Johansen

18   lacked probable cause to stop his car. Petitioner is wrong. Defense counsel did move to

19   suppress the evidence on the grounds that Officer Johansen lacked probable cause to arrest

20   petitioner. (CT at 57.) Defense counsel argued, based upon the evidence elicited at the

21   evidentiary hearing, at some length that there was no proper basis for the initial traffic stop of

22   petitioner's car and that Officer Johansen's testimony regarding the basis for the stop was not

23   credible. (RT at 34-39.) The trial court simply rejected counsel's argument. (RT at 43-44.)

24   Moreover, petitioner has not indicated how his decision to enter the no contest plea would have

25   been affected had his counsel made the precise argument he now claims should have been made.

26   Petitioner's claim in this regard is therefore without merit.

1    Second, petitioner claims that his trial counsel failed to argue that Officer

2    Johansen acted unlawfully in placing petitioner in his patrol car.  However, trial counsel did in

3    fact argue that the officer's conduct in this regard was unlawful and required suppression of all

4    evidence seized.  Specifically, at the conclusion of the evidentiary hearing defense counsel

5    argued to the court:

6          I'm saying that the act of placing Mr. Velez into the patrol car at
      this point further extended this period of unlawful acts and
7          extended the detention of Mr. Velez, passing the lawful purpose,
      undually (sic) extending his detention, and amounts to
8          constitutional error and as a result the evidence should be
      suppressed.

9

10   (RT at 41.)  Again, the trial court simply rejected defense counsel's argument.  (RT at 43-44.)

11   Moreover, petitioner has not established how his decision to enter the no contest plea was

12   impacted by the alleged error of counsel in failing to advance the precise argument petitioner

13   now claims should have been made.  Therefore, this aspect of petitioner's ineffective assistance

14   of counsel claim should also be rejected.

15       Third, petitioner claims that his trial counsel failed to argue that petitioner's

16   fingerprints were not found on the bag of cocaine.  Whether petitioner's fingerprints were found

17   on the bag was completely irrelevant to the resolution of the motion to suppress evidence filed on

18   his behalf.  A defense based upon the absence of fingerprints could have been presented on

19   petitioner's behalf at trial, but he decided to instead enter a plea of no contest with an agreed

20   upon sentence.  Indeed, the trial judge explained this to petitioner in taking his plea.  (RT at 59-

21   60.)  The court also explained to petitioner that the District Attorney had no burden to fingerprint

22   the bag if he chose not to do so.  (Id. at 59.)  As the trial court informed petitioner, by pleading no

23   contest he was waiving any right to argue on appeal that his fingerprints were not found on the

24   bag of cocaine but rather his right to appeal was limited to challenging the denial of his motion to

25   suppress evidence.  (Id. at 59-60.)  Petitioner acknowledged the court's advisement in this regard.

26   (Id. at 60.)  Finally, petitioner once again has failed to demonstrate that if his counsel had

7

1   somehow presented an argument based on the absence of his fingerprints, that he would not have

2   entered his "no contest" plea but instead gone to trial.  Therefore, this aspect of petitioner's

3   ineffective assistance of counsel claim is without merit.

4         Fourth, petitioner argues that his trial counsel failed to object to prejudicial

5   comments allegedly made by a Mrs. Elvira Lua to the effect that petitioner was a drug user.

6   Petitioner raised this claim in summary fashion in his petition but failed to allege any facts in

7   support thereof.  (Pet. at 4.)  Indeed, other than his conclusory allegation, petitioner made no

8   further mention of Mrs. Lua in his petition or traverse.  See Jones v. Gomez, 66 F.3d 199, 204

9   (9th Cir. 1995) ("'conclusory allegations which are not supported by a statement of specific facts

10  do not warrant habeas relief'") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

11  Petitioner is therefore not entitled to relief on this aspect of his claim.

12        Finally, petitioner has alleged in a similar conclusory fashion that his trial counsel

13  provided ineffective assistance by misstating the facts when she argued that petitioner had made

14  a u-turn prior to being stopped by police.  (Pet at 4.)  Again, petitioner raised this claim at the

15  beginning of his petition but failed to allege any facts in support thereof.  See Jones, 66 F.3d at

16  204; James, 24 F.3d at 26.[3]  Therefore, this aspect of petitioner's claim should be rejected.

17        For all of the reasons stated above, petitioner's claim of ineffective assistance of

18  counsel is without merit and relief should be denied.[4]

19  /////

20

21     [3] The court has combed the suppression hearing transcript and is unable to identify any such misstatement by defense counsel.

22     [4] Respondents argue that the California Supreme Court's denial of petitioner's habeas
23  claim constitutes a procedural bar precluding this court from addressing the merits of petitioner's
    ineffective assistance claim.  (Answer at 3, 6.)  A reviewing court need not invariably resolve the
    question of procedural default prior to ruling on the merits of a claim where the default issue
24  turns on difficult questions of state law.  Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997); see
    also Busby v. Dretke, 359 F.3d 708, 720 (5th Cir. 2004).  Respondent concedes that "given the
25  relative complexity of procedural default" and the obvious lack of merit in petitioner's claims,
    the court may properly address the claims on the merits.  (Answer at 6-7.)  Therefore, the court
26  will address petitioner's ineffective assistance of trial counsel claim on the merits.

1    2. Other Claims

2            Petitioner urges this court to consider the United States Supreme Court's

3    decisions in Schlup v. Delo,  513 U.S. 298, 324 (1995), Wong Sun v. United States, 371 U.S.

4    471, 488 (1963), Wiggins v. Smith, 539 U.S. 510 (2003), McDonald v. United States, 335 U.S.

5    451, 455-456 (1948), United States v. Sharpe, 470 U.S. 675, 682 (1985) and Florida v. Royer,

6    460 U.S. 491, 500 (1983).  (Pet. at 8-9.)  However, petitioner's brief mention of these decisions

7    cannot be considered as additional claims of constitutional error because petitioner has not

8    alleged any facts in connection with the bare citation to authority that would warrant the granting

9    of habeas relief.[5]  See Jones, 66 F.3d at 204; James, 24 F.3d at 26.

10   /////

11   /////

12

13        [5]  In his traverse, petitioner again refers to the decision in Schlup v. Delo,  513 U.S. 298,
     324 (1995), suggesting a claim that he is factually innocent of the crime of which he was
14   convicted. (Traverse at 13.)  Petitioner's arguments in this regard appear to relate to the
     "fundamental miscarriage of justice" standard which must be met in order to overcome
15   procedural default as articulated in Coleman v. Thompson, 501 U.S. 722, 729 (1991).   However,
     this court has not determined that petitioner's claims are procedurally defaulted.  Moreover,
16   raising additional claims in a traverse precludes relief.  See Cacoperdo v. Demosthenes, 37 F.3d
     504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for
17   relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only
     issues which are argued specifically and distinctly in a party's opening brief").  Finally, even if
18   petitioner's argument were construed as a freestanding claim of actual innocence, it lacks merit.
     In Herrera v. Collins, 506 U.S. 390 (1993), a majority of the Supreme Court assumed without
19   deciding that the execution of an innocent person would violate the Constitution.  A different
     majority of the Supreme Court explicitly so held.  Compare 506 U.S. at 417 with 506 U.S. at 419
20   and 430-37.  See also House v. Bell, 547 U.S. 518, 554-55 (2006) (declining to resolve whether
     federal courts may entertain claims of actual innocence but concluding that the petitioner's
21   showing of innocence in that case fell short of the threshold suggested by the Court in Herrera);
     Jackson v. Calderon, 211 F.3d 1148, 1164 (9th Cir. 2000); Carriger v. Stewart, 132 F.3d 463,
22   476 (9th Cir. 1997) (en banc).  Although the Supreme Court did not specify the standard
     applicable to this type of "innocence" claim, it noted that the threshold would be "extraordinarily
23   high" and that the showing would have to be "truly persuasive."  Herrera, 506 U.S. at 417.  See
     also Carriger, 132 F.3d at 476.  The Ninth Circuit has determined that in order to be entitled to
24   relief on such a claim a petitioner must affirmatively prove that he is probably innocent.  Jackson,
     211 F.3d at 1165; Carriger, 132 F.3d at 476-77.  Even assuming arguendo that a freestanding
25   claim of innocence may be maintained in this non-capital case, petitioner has clearly failed to
     make the required extraordinary showing.  Petitioner's unsupported allegations that he is
26   innocent of the narcotics charge of which he was convicted do not entitle him to relief.

1        3.  Request for Evidentiary Hearing

2                Finally, in his traverse petitioner requests an evidentiary hearing with respect to

3    the alleged violation of his Sixth Amendment right to trial as well as on his claims of ineffective

4    assistance of trial counsel and appellate counsel.  (Traverse at 16.)  However, petitioner for the

5    first time mentions the alleged violation of his rights to trial and to effective assistance of

6    appellate counsel in the penultimate paragraph of his traverse.   As noted above, to the extent

7    petitioner is attempting to belatedly raise new claims in his traverse, relief should be denied.  See

8    Cacoperdo, 37 F.3d at 507; Greenwood, 28 F.3d at 977.

9                Even if these potential claims had been properly raised, pursuant to 28 U.S.C. §

10   2254(e)(2) a district court presented with a request for an evidentiary hearing must first

11   determine whether a factual basis exists in the record to support a petitioner's claims and, if not,

12   whether an evidentiary hearing "might be appropriate" nonetheless.  Baja v. Ducharme, 187 F.3d

13   1075, 1078 (9th Cir. 1999).  See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005);

14   Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005).  A petitioner, of course, must

15   "allege facts that, if proved, would entitle him to relief."  Schell v. Witek, 218 F.3d 1017, 1028

16   (9th Cir. 2000).  Here, petitioner has not demonstrated that any additional facts need be

17   determined in order to resolve the claims raised in the instant petition nor has he alleged facts

18   with respect to these potential claims that, if proven, would entitle him to relief.  Accordingly, an

19   evidentiary hearing is not warranted and petitioner's request for one will be denied.  See

20   Williams, 529 U.S. at 445; Earp, 431 F.3d 1166.

21                                CONCLUSION

22                For all of the foregoing reasons, the court will order that petitioner's request for an

23   evidentiary hearing on the claims of violation of his Sixth Amendment right to trial and

24   ineffective assistance of counsel is denied and recommend that petitioner's application for a writ

25   of habeas corpus be denied.

26   /////

1    Accordingly, IT IS HEREBY ORDERED that petitioner's request for an

2 evidentiary hearing is denied.

3    IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

4 habeas corpus be denied.

5    These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7 days after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10 shall be served and filed within five days after service of the objections.  The parties are advised

11 that failure to file objections within the specified time may waive the right to appeal the District

12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: January 13, 2009.

14

15                                    _____

16                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE

17 3:velez0786.hc

18

19

20

21

22

23

24

25

26